DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant Ralph Coburn was indicted on one count of attempted rape and three counts of rape. After a plea agreement, Coburn entered an Alford plea[1] of guilty to two counts of sexual battery,[2] both third-degree felonies, and the state dismissed all other charges against him. The trial court sentenced Coburn to four years in prison on each count, to be served consecutively. Coburn now appeals the sentence imposed by the trial court. We affirm.
 {¶ 2} Coburn argues, in various ways, that the trial court failed to follow the sentencing guidelines. An appellate court may modify a sentence only if it clearly and convincingly finds that the record does not support the sentencing court's findings or that the sentence is contrary to law.[3]
 {¶ 3} At Coburn's sentencing hearing, the trial court stated the following: "I've had an opportunity to review the presentence investigation, the file and also the past hearings and record. I've also had an opportunity to review the report from the probation officer who interviewed the victim and the victim [sic], I have the victim's statement. I have reviewed all the principles and purposes of sentencing under 2929.11 and 2929.12
of the Ohio Revised Code. * * *
 {¶ 4} "The Court finds that a combination of community control sanctions would demean the seriousness of the defendant's conduct and impact on the victim. That a sentence of prison is commensurate with the seriousness of the defendant's conduct and its impact on the victim; and a prison sentence does not place an unnecessary burden on the State and governmental sources.
 {¶ 5} "The Court notes that the defendant's offenses occurred two or more times per week, over a six year period, and the victim was age seven when the offenses began. The victim's family life has been absolutely destroyed and she suffers serious psychological damage as a result of the defendant's actions. The defendant was in loco parentis with the victim.
 {¶ 6} "I've been in this business, a Judge, for almost forty years, and I have never read a victim impact statement more compelling. I didn't sleep the night after I read it. Unbelievable. Yet the victim submitted to a, a lie detector test, as she calls it, and she past [sic] it.
 {¶ 7} "The Court finds that the, that pursuant to Ohio Revised Code Section 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct, will not adequately protect the public from future crimes of the defendant. The Court finds that consecutive sentences are necessary to punish the defendant, and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. Further, the harm caused by the defendant's actions are so great, that concurrent sentences would be, would not adequately reflect the seriousness of his conduct."
 {¶ 8} In his first assignment of error, Coburn argues that the trial court did not make the necessary findings to impose consecutive sentences and that the trial court improperly increased the severity of the sentence because of Coburn's parental-type relationship to the victim.
 {¶ 9} A trial court may require the offender to serve prison terms consecutively if the court finds that (1) the consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following applies: (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing or under community control; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[4]
 {¶ 10} A trial court imposing consecutive sentences must make the statutory findings and must also give reasons supporting those findings at the sentencing hearing.[5] Coburn argues that the trial court failed to state on the record its reasons supporting the finding that the consecutive sentences were not disproportionate to the danger Coburn posed to the public.
 {¶ 11} We conclude that the trial court's statements regarding the frequency and ongoing nature of Coburn's behavior, along with its statements concerning the serious harm suffered by the victim, were adequate to explain its findings and to support its imposition of consecutive sentences.[6]
 {¶ 12} We also conclude that the trial court did not unduly rely on Coburn's in loco parentis status to increase the severity of the sentence. Coburn was the live-in boyfriend of the victim's mother when all the offenses occurred.
 {¶ 13} Under the sentencing guidelines, the court must consider numerous factors to determine whether the offender's conduct is more serious than conduct normally constituting the offense. The list of factors includes whether the age of the victim exacerbated the victim's physical or mental injury, whether the victim suffered psychological harm as a result of the offense, and whether the offender's relationship with the victim facilitated the offense.[7]
 {¶ 14} The trial court noted in this case that the victim was seven years old when the offenses began and that she suffered serious psychological damage as a result of Coburn's actions. The court went on to note that Coburn was "in loco parentis with the victim." Therefore, we conclude that the court did not rely solely or unduly on the fact that Coburn was a parental figure in the victim's life during the years of the offenses. On the contrary, the court carefully considered numerous factors and followed the sentencing guidelines.
 {¶ 15} Accordingly, we overrule Coburn's first assignment of error.
 {¶ 16} In his second assignment of error, Coburn argues that his sentence violates the sentencing goal that a sentence be "consistent with sentences imposed for similar crimes committed by similar offenders."[8] Coburn notes that the trial court did not refer to similar cases or similar offenders at his sentencing hearing before imposing the sentence in this case.
 {¶ 17} But the trial court was not required to engage in an analysis on the record to determine whether defendants who had committed similar crimes had received similar punishments.[9] The goal of the sentencing guidelines is consistency, not uniformity.[10] Consistency requires a trial court to weigh the same factors for each defendant, which ultimately results in an outcome that is rational and predictable.[11] Thus, the only way for Coburn to demonstrate that his sentence was inconsistent is if he can show that the trial court failed to properly consider the factors and guidelines contained in the statutes,[12] or that substantially similar offenders, committing substantially similar offenses, and having substantially similar records, behavior, and circumstances, received grossly disproportionate sentences.
 {¶ 18} The record indicates that the trial court carefully considered the sentencing guidelines and factors, made the proper findings, and stated its reasoning, all in compliance with the sentencing statutes. Therefore, Coburn's sentence was not inconsistent or contrary to law.
 {¶ 19} Finally, Coburn argues that his sentence was disproportionate and amounted to cruel and unusual punishment.
 {¶ 20} The Ohio Supreme Court has held, "[A]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment."[13] A cruel and unusual punishment must be a sanction that would be considered shocking to any reasonable person.[14] The penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.[15]
 {¶ 21} In view of the young age of the victim and the fact that the sexual battery occurred over a period of six years, the seriousness of Coburn's offense does not suggest that a sentence of eight years was grossly disproportionate. And, as we have already discussed, the trial court complied with the sentencing guidelines and purposes. Furthermore, we note that the trial court did not even give Coburn the maximum sentence for either conviction. Therefore, we conclude that Coburn's sentence was not disproportionate and was not a cruel and unusual punishment.
 {¶ 22} Accordingly, we overrule Coburn's second assignment of error.
 {¶ 23} Because the record supports the trial court's findings and the sentence is not contrary to law, we affirm the trial court's sentence.
Judgment affirmed.
Judgment Entry
It is ordered that the judgment be affirmed and that appellee recover costs from appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] See North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160.
[2] R.C. 2907.03(A)(5).
[3] R.C. 2953.08(G)(2).
[4] R.C. 2929.14(E)(4).
[5] R.C. 2929.19(B)(2)(c); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus.
[6] See State v. Bolton, 8th Dist. No. 80263, 2002-Ohio-4571;State v. Mayes, 8th Dist. No. 82592, 2004-Ohio-2014; and Statev. Rupert, 11th Dist. No. 2001-L-151, 2002-Ohio-6911.
[7] R.C. 2929.12(B)(1), (2), and (6).
[8] R.C. 2929.11(B).
[9] See State v. Mayes, supra, at ¶ 45; State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 12.
[10] See State v. Agner, 3rd Dist. No. 8-02-28, 2003-Ohio-5458, at ¶ 12; State v. Quine, supra, at ¶ 12.
[11] See State v. Quine, supra, at ¶ 12.
[12] Id. at ¶ 13.
[13] See McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69,203 N.E.2d 334.
[14] See State v. Weitbrecht, 86 Ohio St.3d 368, 371,1999-Ohio-113, 715 N.E.2d 167, citing McDougle v. Maxwell,
supra, at 70.
[15] See State v. Weitbrecht, supra, citing State v.Chaffin (1972), 30 Ohio St.2d 13, 282 N.E.2d 46, paragraph three of the syllabus.