JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Michael Crawford ("appellant") appeals from the trial court's guilty verdict and sentence. For the reasons set forth below, we affirm.
 {¶ 2} On October 4, 2003, two Cleveland police officers were on basic patrol when they noticed appellant leaning into a car. When the officers pulled up next to the car, appellant made eye contact with them, then laid down on the front seat of the vehicle. One of the officers exited the zone car and appellant jumped out of the car and ran away. The officer engaged in a short foot chase, but eventually grabbed appellant. The officer and appellant struggled and fell to the ground, at which time the officer sustained a knee injury. After another brief struggle in which appellant attempted to reach into his pocket, the officer successfully apprehended appellant.
 {¶ 3} Appellant pled not guilty to the indictment charging him with one count of robbery in violation of R.C. 2911.02, one count of trafficking in drugs in violation of R.C. 2925.03, one count of possessing criminal tools in violation of R.C. 2923.24
and one count of assault of a peace officer in violation of R.C.2903.13. Appellant waived his jury trial rights and the matter proceeded to a bench trial.
 {¶ 4} The trial court granted appellant's Crim.R. 29 motion as to count two, and granted in part appellant's Crim.R. 29 motion regarding count one, but found him guilty of the lesser included offense of theft. The court also found appellant guilty of possession of criminal tools as charged in count three, and guilty of assault on a peace officer as charged in count four. He was thereafter sentenced to a term of incarceration of six months on count one and count three, to be served concurrently and twelve months incarceration on count four, to be served concurrently with counts one and three. It is from these judgments that appellant now appeals, asserting two assignments of error for our review.
 I. {¶ 5} In his first assignment of error, appellant asserts the state failed to produce sufficient evidence to prove beyond a reasonable doubt the "knowingly" element necessary to sustain his conviction for assault on a peace officer. Specifically, he maintains that the struggle between the officer and him was nothing more than resisting arrest. It follows, he argues, the state failed to prove he acted knowingly in causing the officer's knee injury.
 {¶ 6} When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, at paragraph two of the syllabus, citing Jackson v.Virginia (1979), 443 U.S. 307. Thus a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh, 90 Ohio St.3d 460,2001-Ohio-4.
 {¶ 7} R.C. 2903.13 provides, in relevant part, "(A) No person shall knowingly cause or attempt to cause physical harm to another * * *." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature * * *."
 {¶ 8} In this case, Officer Nahra of the Cleveland Police Department testified that he and his partner were patrolling when they noticed appellant leaning into a car on W. 10th street in the flats. When they pulled up next to the car, appellant made eye contact with them, then laid down on the front seat of the vehicle. Nahra exited the zone car, at which point appellant jumped out of the car and ran away. Nahra chased appellant and eventually grabbed him. They engaged in a struggle, during which appellant was flailing about and trying to reach his right hand into his right front coat pocket. Nahra and appellant fell to the ground during the struggle and Nahra suffered a knee injury. After another struggle, the officers successfully apprehended appellant and handcuffed him.
 {¶ 9} Officer Neidbalson corroborated the events as described by Nahra. He described in detail appellant's continuous effort during the struggle with Nahra to reach into his pocket. He further testified that they found a two and three quarter inch lock blade knife in that pocket.
 {¶ 10} In construing the evidence in a light most favorable to the prosecution, the trial court could have found, beyond a reasonable doubt, that appellant knowingly attempted to cause physical harm to Officer Nahra by trying to reach into his pocket for the knife. We therefore overrule this assignment of error.
 II. {¶ 11} In his second assignment of error, appellant asserts the trial court erred when it failed to make a finding that his sentence is consistent with similarly situated offenders. We disagree.
 {¶ 12} Appellant essentially contends the record is devoid of any indication that the trial court complied with R.C. 2929.11 in sentencing him. We note, however, that the defense did not provide any information or data at sentencing, nor before this court on appeal, indicating that appellant's sentence is inconsistent with other sentences for similar crimes by similar offenders.
 {¶ 13} Moreover, in State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175, this court held that "R.C. 2929.11(B) does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments." Rather, the statute indicates the trial court's comments made at the hearing should reflect the court considered that aspect of the statutory purpose in fashioning the appropriate sentence." State v. Edmonson (1999),86 Ohio St.3d 324 at 326-327; State v. Hunt, supra.
 {¶ 14} In this case, the trial court clearly considered the statutory purposes of protecting the public from future crime by the offender and punishing the offender, and absolutely nothing has been offered from which we may conclude that the sentence is disproportionate to the sentences imposed in other matters. Cf.State v. Sargent (1997), 126 Ohio App.3d 557. We therefore overrule appellant's second assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J. Concurs.
 McMonagle, J., Concurs in Part and Concurs in Judgment only inPart (See Attached Opinion).
 CONCURRING OPINION