JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Michael Patterson, appeals the sentence imposed by the common pleas court after he pleaded guilty to attempted robbery, in violation of R.C. 2911.02(A)(3) and R.C. 2923.02, a fourth degree felony. For the reasons that follow, we find no merit in appellant's appeal and uphold his sentence.
 {¶ 2} Appellant was indicted on January 6, 2004 on a charge of robbery, with a disabled adult specification, a felony of the first degree. Prior to trial, a plea bargain was reached, and appellant pleaded guilty to a reduced charge of attempted robbery, a fourth degree felony punishable by six to eighteen months in prison. The trial court sentenced him to fifteen months' incarceration and three years' post-release control. He now appeals with one assignment of error.
 {¶ 3} "Patterson was denied due process of law when the court failed to follow the statutory guidelines in imposing a sentence for F-4 attempted robbery."
 {¶ 4} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 ("S.B. 2") unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, citingCincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C.2953.08(F)(1)-(4). As part of S.B. 2, the Revised Code provides certain purposes for sentencing with which all sentences must comport. R.C. 2929.11
states:
 {¶ 5} "2929.11 Purposes of felony sentencing; discrimination prohibited.
 {¶ 6} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 7} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 8} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 9} The mechanism by which compliance with these goals may be obtained lies within R.C. 2929.12, et seq. R.C. 2929.12 grants trial courts the discretion to "determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." A jurist's discretion is limited, however, by the mandatory findings that must be present on the record in order to uphold, for example, consecutive or maximum sentences.
 {¶ 10} In the instant case, appellant argues that his sentence was disproportionate and inconsistent with sentences imposed on similar offenders. However, R.C. 2929.11(B) "does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect that the court considered court considered that aspect of the statutory purpose in fashioning the appropriate sentence." State v.Crawford, Cuyahoga App. No. 84153, 2004-Ohio-5737, ¶ 13, citing Statev. Edmonson (1999), 86 Ohio St.3d 324 at 326-327; State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175.
 {¶ 11} In reviewing the trial court's comments at sentencing, it is clear that the statutory purpose was upheld in fashioning appellant's sentence. The trial court reviewed a presentence investigation report, a court psychiatric clinic evaluation, and the appellant's lengthy criminal record prior to sentencing, as well as hearing arguments from counsel and a statement from the appellant himself. Appellant admitted he accosted the victim in order to obtain a "few dollars to get high" and acknowledged his prior record. The trial court found that it was likely the appellant would offend again, that he was on parole at the time of the offense, and that he had a lengthy criminal history dating back to 1985. The trial court also noted that this offense took place a mere two months after appellant was sentenced for assaulting a peace officer. The trial court found that appellant had a history of parole violations, indicating his lack of rehabilitation and remorse for his prior crimes. Finally, the court noted that the victim was mentally retarded and, although he, fortunately, did not suffer serious physical injury, appellant's crime was indeed an assault on another person. The public needed to be to be protected from any further crimes by appellant.
 {¶ 12} Furthermore, this court has determined that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. State v. Breeden, Cuyahoga App. No. 84663, 2005-Ohio-510, ¶ 80, citing State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700, ¶ 53-54. Appellant presented no such evidence to the trial court, and there is nothing in the record to indicate that this sentence is impermissibly disproportionate to sentences imposed on similar offenders with similar offenses. Therefore, appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and McMonagle, J., concur.