OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Patrick Allan Spradling, filed March 10, 2005. On February 3, 2005, Spradling was sentenced to concurrent eight year sentences for two counts of aggravated robbery. Prior to sentencing, he pled guilty to the robberies in exchange for a concurrent sentence on a failure to register charge in another matter.
 {¶ 2} Spradling's sole assignment of error is as follows:
 {¶ 3} "WHETHER THE TRIAL COURT ERRED IN IMPOSING A SENTENCE UPON THE DEFENDANT-APPELLANT THAT WAS NOT CONSISTENT WITH SENTENCES FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS AS REQUIRED BY R.C. 2929.11(B)."
 {¶ 4} "Ohio's felony sentencing laws are contained in Revised Code sections 2929.11 through 2929.18. When read in conjunction with one another, these sections provide a framework for the construction of felony sentences. Appellate review of felony sentences imposed by a trial court serves to ensure that the sentences meet the design requirements of this statutory framework." State v. Agner, Logan App. No. 8-02-28, 2003-Ohio-5458. "Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence." State v.Patterson, Cuyahoga App. No. 84803, 2005-Ohio-2003.
 {¶ 5} R.C. 2929.11(B) provides that "a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." "The term `commensurate with' in R.C. 2929.11(B) speaks to the concept of `proportionality.' The concept of `proportionality' focuses on the loss or harm to the victim and the punishment imposed on the perpetrator. It requires that the punishment the offender bears for the commission of an offense is neither inadequate to the harm caused to the victim nor overly harsh." Agner.
 {¶ 6} "The goal of the sentencing guidelines is consistency, not uniformity. Consistency requires a trial court to weigh the same factors for each defendant, which ultimately results in an outcome that is rational and predictable." State v. Coburn,
Adams App. No. 03CA774, 2004-Ohio-2997. "Under this meaning of consistency, two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment." State v. Quine,
Summit App. No. 20968, 2002-Ohio-6987. "The party claiming that a sentence is inconsistent with sentences given in other cases bears the burden of providing the court with sentences imposed for similar crimes by similar offenders which validate the claim of inconsistency." Agner. To show that his sentence is inconsistent, that is, contrary to law within the meaning of R.C.2929.11(B), Spradling must show that "the trial court failed to properly consider the factors and guidelines contained in the statutes, or that substantially similar offenders, committing substantially similar offenses, and having substantially similar records, behavior and circumstances, received grossly disproportionate sentences." Coburn.
 {¶ 7} R.C. 2929.11(B) "`does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect that the court considered * * * that aspect of the statutory purpose in fashioning the appropriate sentence." Patterson.
 {¶ 8} In reviewing the trial court's comments at sentencing, it is clear that the statutory purpose was upheld in imposing Spradling's sentence. The court reviewed a presentence investigation report, Spradling's record prior to sentencing, including the fact that he was on parole at the time of the robberies, and it considered the arguments of Spradling's counsel. The court noted the presumption in favor of a prison term. The court found Spradling's offense to be violent in nature, as Spradling held a pair of scissors to the throat of one of the victims. The court also considered the seriousness and recidivism factors set forth in the statute. The termination entries Spradling submitted only contain the charged offenses and the sentence imposed, with no specific information about the circumstances surrounding the commission of the offenses or any details regarding the criminal history and background of the offenders. In other words, they are insufficient to validate Spradling's claim of inconsistency. In fact, they demonstrate otherwise. We note that since Spradling raised the issue of inconsistency in at least a minimal fashion, it would have been appropriate for the trial court to review the journal entries admitted into evidence. Our review reveals that many of these entries are dissimilar and in fact, the "average sentence" wherein two aggravated robberies were committed is closer to 7.5 years. The trial court's sentence is clearly and convincingly supported by the record and is not contrary to law. Spradling's sole assignment of error is overruled. The sentence imposed by the trial court is affirmed.
Wolff, J. and Grady, J., concur.