OPINION *Page 2 
{¶ 1} Defendant-Appellant Matthew J. Parmer ("Parmer") appeals from the August 21, 2006 Judgment Entry of Sentencing of the Court of Common Pleas of Logan County, Ohio sentencing him to 5 years in prison for his conviction of Robbery, a felony of the third degree in violation of Ohio Revised Code Section 2911.02(A)(3).
 {¶ 2} On July 10, 2007 a Logan County grand jury indicted Parmer on one count of Aggravated Robbery, a felony of the first degree in violation of R.C. 2911.01, finding that "on or about the 27th day of May, 2007, [Parmer] . . . in attempting or committing a theft offense . . . or in fleeing immediately after the attempt or offense, did have a deadly weapon on or about his person or under his control and displayed, brandished, indicated possession of, or used said weapon. . ." The indictment also charged Palmer with one count of Burglary, a felony of the fourth degree in violation of R.C.2911.12(A)(4), finding that "on or about the 27th day of May, 2007, [Parmer] . . . by force, stealth, or deception, trespassed in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present. . ." The indictment also charged Palmer with one count of Theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(1), finding that "on or about the 27th day of May, 2007, [Parmer] . . . with purpose to deprive the owner of property or services, *Page 3 
knowingly obtained or exerted control over either the proper or services without the consent of the owner or person authorized to give consent. . ."
 {¶ 3} At his arraignment on July 13, 2007, Parmer entered a plea of not guilty to each count contained in the indictment. On July 27, 2007 the State of Ohio filed a bill of particulars regarding the nature of the crimes charged in the indictment. At a scheduling conference on July 30, 2007 the trial court appointed new counsel at Parmer's request and set this matter for trial on August 21 and 22, 2007.
 {¶ 4} On August 15, 2007 Parmer appeared before the trial court for a change of plea hearing. At the hearing the State moved to amend count one of the indictment from Aggravated Robbery to Robbery, a felony of the third degree in violation of R.C. 2911.02(A)(3). Parmer withdrew his former plea of not guilty and entered a plea of guilty to count one of the indictment as amended to Robbery. The trial court accepted Parmer's guilty plea and found him guilty of Robbery in violation of R.C.2911.02(A)(3). The State moved to dismiss counts two and three counts of the indictment. The trial court granted the State's request and dismissed the remaining counts of the indictment. Parmer waived his right to a pre-sentence investigation and the trial court continued this matter for sentencing. (See August 23, 2007 Judgment Entry). *Page 4 
 {¶ 5} On August 17, 2007 the trial court conducted Parmer's sentencing hearing pursuant to R.C. 2929.19. The court sentenced Parmer to five years in prison for his conviction of Robbery in violation of R.C.2911.02(A)(3). The court also ordered Parmer to pay restitution in the amount of $49.79 to Speedy Mart. The court granted Parmer credit for 82 days served.
 {¶ 6} Parmer now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR SENTENCING MR. PARMER TO THE LONGEST SENTENCE UNDER 2911.02(A)(3) WAS CONTRARY TO THE STATUTE.
 {¶ 7} In his sole assignment of error, Parmer alleges that the trial court erred in sentencing him to the maximum possible sentence for his conviction of Robbery, a felony of the third degree in violation of R.C.2911.02(A)(3).
 {¶ 8} In reviewing sentencing decisions of a trial court, an appellate court conducts a meaningful review of the sentence decision. State v.Carter 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law. Carter, at ¶ 44 citingState v. Comer (2003), 99 Ohio St.3d 463, 476, 793 N.E.2d 473; R.C.2953.08. *Page 5 
 {¶ 9} Additionally, a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. Id.
 {¶ 10} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856 at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856 at ¶ 100; see also State v. Mathis (2006), 109 Ohio St.3d 54, 2006-Ohio-855 at paragraph three of the syllabus, ¶ 37. *Page 6 
 {¶ 11} However, a trial court must still consider the overall purposes of sentencing as set forth in R.C. 2929.11, as well as the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12, when sentencing an offender. State v.Smith, 3rd Dist. No. 2-06-37, 2007-Ohio-3129 at ¶ 26 citing Mathis, 2006-Ohio-855 at ¶ 38. But, under R.C. 2929.12, a sentencing court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. Id. citingState v. Sharp 10th Dist. No. 05AP-809, 2006-Ohio-3448;State v. Amett (2000), 88 Ohio St.3d 208, 205; State v. McAdams,162 Ohio App.3d 218; and State v. Patterson 8th Dist. No. 84803, 2005-Ohio-2003. Further, there is no requirement in R.C. 2929.12
that the trial court state on the record that it has considered the statutory criteria or even discussed them. Id. citing State v.Polick (1995), 101 Ohio App.3d 428, 431; State v. Gant, 7th Dist. No. 04-MA-252, 2006-Ohio-1469 (nothing in R.C.2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings); State v. Hughes
6th Dist. No. WD-05-024, 2005-Ohio-6405.
 {¶ 12} In the present case, the trial court conducted Parmer's sentencing hearing pursuant to R.C. 2929.19, which provides, in relevant part, as follows:
 (A)(1) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony . . . At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative . . . and, with the approval of the court, any other person may present information relevant to the imposition of *Page 7 sentence in the case. The court shall inform the offender of the . . . finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.
 * * *
 (B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the pre-sentence investigation report. . .
 {¶ 13} A review of the record in the present case demonstrates that the trial court followed the procedures set forth in R.C. 2929.19 and considered both R.C. 2929.11 and R.C. 2929.12 in sentencing Parmer. Furthermore, we find that Parmer's sentence was supported by the record.
 {¶ 14} Specifically, we note that at Parmer's sentencing hearing, the trial court recited facts relating to the events of May 27, 2007. Additionally, the trial court stated as follows:
 The Bill of Particulars also indicates that besides threatening to shoot the clerk, he made her sit down on the floor, told her not to push any buttons. Because a gun was used, because this lady was elderly, the Court finds this is the worst form of this crime. The defendant, as the prosecutor has related, has been before the Courts many times and has had many sentences.
 The Court feels that it would be remiss if it did not impose the maximum penalty. Accordingly, the Court imposes a sentence of five years.
(See August 17, 2007 Transcript of Sentencing, p. 16). *Page 8 
 {¶ 15} Additionally, we note that the trial court also stated in its August 21, 2007 Judgment Entry that it had "considered the record, oral statements . . . as well as the principles and purposes of sentencing under Ohio Revised Code § 2929.11." The court also stated that it had "considered the need for deterrence, incapacitation, rehabilitation and restitution." The trial court also found that "a prison term is consistent with the purposes and principles of sentencing in Revised Code § 2929.11."
 {¶ 16} Thus, although the trial court was not required to set forth its specific findings, nor was it required to specifically state that it considered each of the subsections of R.C. 2929.11, R.C. 2929.12, or R.C. 2929.13 pursuant to Foster, and Smith, supra, the record clearly evinces that the trial court considered the requisite factors of R.C.2929.12 in imposing Parmer's prison term. Therefore, we cannot clearly and convincingly find that the record does not support Parmer's sentence or that the sentence is otherwise contrary to law.
 {¶ 17} Finally, we note that on August 15, 2007 Parmer withdrew his plea of not guilty and entered a negotiated plea of guilty to one count of Robbery, a felony of the third degree in violation of R.C.2911.02(A)(3).
 {¶ 18} Pursuant to R.C. 2929.14(A),
 . . . [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following: *Page 9 
 * * *
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 {¶ 19} Accordingly, we note that Parmer could have been sentenced to a prison term of as little as one year for his felony conviction, or the maximum prison term of five years for his felony conviction. In this case, the trial court sentenced Parmer to a prison term of five years for his felony conviction of Robbery.
 {¶ 20} Based on the foregoing, we find that the trial court properly considered the factors contained in R.C. 2929.11 and R.C. 2929.12 in sentencing Parmer and that his sentence is supported by the record. Therefore, Parmer's sole assignment of error is overruled and the August 21, 2007 Judgment Entry of the Logan County Court of Common Pleas is affirmed.
Judgment Affirmed.
 PRESTON and ROGERS, J.J., concur. *Page 1