JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Richard McCoy, appeals from a 17-month sentence imposed for his convictions on two counts of receiving stolen property and one count of drug possession. He complains that the sentence is too long and that the court failed to first consider whether his sentence was consistent with sentences imposed for similar crimes by similar offenders.
 {¶ 2} Count 1, a fourth degree felony, alleged that McCoy had received, retained, or disposed of a motor vehicle. Count 2, a fifth degree felony, alleged that McCoy received, retained, or disposed of an Ohio license plate. Count 3 alleged a fifth degree felony for possession of cocaine in an amount less than five grams. McCoy pleaded no contest to the charges and the court found him guilty.
 {¶ 3} The court sentenced McCoy to 17 months on the first count and 11 months on counts two and three, with the sentences to run concurrently for a total of 17 months. When sentencing McCoy, the court referenced the sentencing guidelines under R.C. 2929.12(B), specifically giving weight to the recidivism factor under R.C. 2929.12(D)(1) because McCoy's record of prior offenses included sexual battery, weapons under disability, "numerous DUI's, and OVI's," forgery, felonious assault, robbery, and failure to comply. The court considered *Page 4 
as mitigation under R.C. 2929.12(C)(4) that McCoy has been diagnosed as bipolar with poly-substance abuse.
 {¶ 4} The court ultimately concluded that "this is one of those cases where the interest of the community overrules the interest of the individual, no matter how sincere you are." Believing that McCoy had shown a "dangerous pattern of continually committing crimes," the court concluded that the public need for safety, as well as McCoy's mental health, required a prison term.
 {¶ 5} McCoy's sentence is undisputedly within the applicable statutory guidelines and, in all respects, the court adhered to applicable statutory requirements. Hence, we consider only whether the court abused its discretion by concluding that the sentencing factors listed under R.C. 2929.12(B) and (C) warranted the term imposed. See State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 17.
 {¶ 6} Nothing in the court's sentence shows it to be unreasonable, arbitrary, or unconscionable. The court thoroughly reviewed McCoy's criminal record, as well as his need for substance abuse and mental health treatment, and rationally concluded that McCoy posed a threat to the public that outweighed his immediate needs. McCoy's rather extensive criminal history fully supported the court's sentence.
 {¶ 7} McCoy next argues that his sentence is inconsistent with sentences imposed for similar crimes by similar offenders, noting that the court failed to *Page 5 
make any reference to whether the sentence was consistent with that of other offenders. We reject this argument because R.C. 2929.11(B), relating to the consistency of sentences imposed for similar crimes committed by similar offenders, "does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect that the court considered that aspect of the statutory purpose in fashioning the appropriate sentence." State v. Crawford, Cuyahoga App. No. 84153, 2004-Ohio-5737, ¶ 13, citing State v.Edmonson, 86 Ohio St.3d 324, 326-327, 1999-Ohio-110. The court stated that it considered "all required factors of the law." This statement sufficed to show that it complied with its statutory duties before imposing sentence. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1