[Cite as *State v. Martin*, 2011-Ohio-4670.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24398 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-2014 |
| v. | : | |
| | : | (Criminal Appeal from |
| AMBER L. MARTIN | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the 16th day of September, 2011.

. . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
  Attorneys for Plaintiff-Appellee

RICHARD B. REILING, Atty. #0066118, 5045 North Main Street, Suite 320-D, Dayton, Ohio 45415
  Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1} Amber Martin appeals from her conviction and sentence on one count of felonious assault in violation of R.C. 2903.11.

{¶ 2} In her sole assignment of error, Martin contends the trial court erred in

imposing a sentence that was inconsistent with and disproportionate to the sentence a co-defendant received.

{¶ 3} The record reflects that Martin and co-defendant Carolyn Carr were charged with felonious assault and disrupting public services for their role in a fight that resulted in the victim suffering a broken jaw and cheek bone. Martin and Carr pled guilty to felonious assault in separate cases, and the prosecutor nolled the other charge. The trial court sentenced Carr to community control. It later sentenced Martin to two years in prison. At Martin's sentencing hearing, the trial court stated that the prison sentence was being imposed for reasons detailed in a pre-sentence investigation report.

{¶ 4} On appeal, Martin contends "the trial court did not properly engage in an evaluation of the proportionality of [her] case to those who have been similarly convicted and sentenced." More specifically, she claims the trial court "did not consider the punishment imposed upon the co-defendant in this case." Because the record does not reflect which co-defendant bore primary responsibility for the victim's injuries, Martin argues that "there seems to be no reason to sentence [her] to prison while sentencing Carr to community control sanctions."

{¶ 5} Upon review, we find Martin's argument to be without merit. "With respect to proportionality and consistency in felony sentencing, R.C. 2929.11(B) states that sentence shall be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and *consistent with sentences imposed for similar crimes committed by similar offenders*.' " *State v. Cline*, Champaign App. No. 07CA02, 2008-Ohio-1866, ¶106. (Emphasis added.) " 'Consistency requires a trial court to weigh the

same factors for each defendant, which ultimately results in an outcome that is rational and predictable.' " *State v. Spradling*, Montgomery App. No. 20960, 2005-Ohio-6683, ¶6, quoting *State v. Coburn*, Adams App. No. 03CA774, 2004-Ohio-2997. Consistency does not require uniformity. Id.

{¶ 6}   Given that the record does not indicate which, if either, co-defendant inflicted the most harm on the victim, we agree with Martin that she and Carr committed similar crimes. Indeed, they both pled guilty to felonious assault for engaging in the same fight with the same victim. Martin's sentencing argument fails, however, because the record supports a finding that she and Carr are not similar offenders. Martin's pre-sentence investigation report indicates that, at the time of the current offense, she already was on community control due to a 2007 conviction for complicity to commit abduction. Unlike Martin, Carr's pre-sentence investigation report reflects that she had no prior felony record and was not on community control when she committed the current offense. Therefore, the trial court reasonably could have concluded that the two women were not similarly situated offenders when it sentenced Martin to prison and Carr to community control.

{¶ 7}   Based on the reasoning set forth above, we overrule Martin's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Richard B. Reiling
Hon. Mary L. Wiseman