DECISION AND JUDGMENT ENTRY
{¶ 1} Ronald Keyes appeals his sentence following his guilty pleas to three counts of burglary and one count of receiving stolen property. Keyes contends that the trial court abused its discretion by rejecting the State's recommendation that Keyes receive community control, rather than a prison sentence, for two of the four charges. Because the trial court has the discretion to accept or reject the State's recommendation and the sentence it imposed was not unreasonable, arbitrary or unconscionable, we overrule Keyes's first contention.
 {¶ 2} Keyes also contends that the trial court erred in failing to conduct a consistency analysis before imposing maximum consecutive sentences for each of the four charges. In support of his argument, Keyes presented five cases in which defendants facing similar charges received different sentences. We conclude that an offender does not demonstrate inconsistency merely by supplying a list of cases where other defendants in other cases received prison sentences that differed from his. Because the trial court considered proper factors and imposed a sentence that is not grossly inconsistent with sentences received by substantially similar offenders, we overrule Keyes's second contention.
 I. Facts {¶ 3} Keyes waived his right to indictment by a grand jury, and the State issued a "Bill of Information" charging him with four felonies consisting of three counts of burglary and one count of receiving stolen property. Keyes and the State reached a plea agreement, which provided that Keyes would plead guilty to all four counts. In return, the State would recommend that Keyes receive a total prison sentence of three years, which represents the maximum consecutive sentences for one of the burglary charges and the charge of receiving stolen property. The State would further recommend that Keyes be placed on community control for the two remaining burglary charges.
 {¶ 4} The State upheld its part of the plea agreement and made the suggested recommendations at sentencing. However, the trial court rejected the State's recommendation. It sentenced Keyes to maximum consecutive sentences on all four counts, for a total of six years, and advised Keyes to apply for judicial release after completing the sentences for the first two counts, i.e., after three years.
 {¶ 5} Keyes appeals his sentence and asserts the following two assignments of error:
I. THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT REJECTED THE STATE'S RECOMMENDATION UNDER THE PLEA AGREEMENT THAT APPELLANT BE PLACED ON COMMUNITY CONTROL FOR COUNTS THREE AND FOUR UPON COMPLETING THE SENTENCES FOR COUNTS ONE AND TWO.
II. APPELLANT'S SENTENCE IS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO CONDUCT A CONSISTENCY ANALYSIS BEFORE IMPOSING MAXIMUM CONSECUTIVE SENTENCES. THE TRIAL COURT THEREBY VIOLATED MR. KEYE'S RIGHTS UNDER R.C. §§ 2929.11(B)) (sic) AND UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 I. Plea Agreement {¶ 6} Keyes contends that the trial court abused its discretion by rejecting the state's recommendation to place Keyes on community control for two of the four counts against him. Keyes bases his argument on the fact that he did not have a significant prior record, and he had no prior felony convictions. Keyes also points out that the offenses were property crimes and did not involve violence. In fact, the victims agreed with the State's recommendation after their stolen property was returned.
 {¶ 7} It is undisputed that the trial court has the discretion to accept or reject a plea agreement. In reDisqualification of Mitrovich (1990), 74 Ohio St.3d 1219, 1220,657 N.E.2d 1333, citing City of Akron v. Ragsdale (1978),61 Ohio App.2d 107, 399 N.E.2d 119. See, also, State v. Davis,
Lawrence App. No. 05CA9, 2005-Ohio-5015, ¶ 15, citingMitrovich. Thus, any plea agreement between the state and a defendant is implicitly conditioned on the trial court's acceptance of that agreement. Until the trial court accepts the plea agreement, the agreement is unenforceable. See State v.Darnell, Gallia App. No. 02CA15, 2003-Ohio-2775, ¶ 7 (stating, in a general discussion of negotiated plea agreements, that a plea agreement "is not binding until accepted by the court.").
 {¶ 8} Generally, we review a trial court's rejection of a plea agreement under an abuse of discretion standard. State v.Rhea (Feb. 21, 1992), Ross App. No. 1779, 1992 WL 37798. "The term abuse of discretion . . . connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Montgomery
(1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167, 171, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144,149. However, "[n]o abuse of discretion is present when the trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea." State v. Darmour (1987), 38 Ohio App.3d 160, 161,529 N.E.2d 208.
 {¶ 9} At sentencing, the trial court advised Keyes that any promises or inducements made in the plea agreement were not binding upon the court, and the court could sentence him to "something different." Furthermore, Keyes signed a "Petition To Enter A Plea Of Guilty" which provided: "I understand that the recommendation of the Prosecuting Attorney is not binding upon the Court and that the Court, and the Court alone, determines the appropriate sentence."
 {¶ 10} Because the trial court is not bound by the State's recommendation and it forewarned Keyes of that fact, we conclude that the court did not abuse its discretion by imposing a sentence greater than the recommended sentence. Furthermore, the court imposed a sentence within the statutory limitations for the alleged offenses, and, therefore, did not act in an "unreasonable, arbitrary or unconscionable" manner. Accordingly, we overrule Keyes's first assignment of error.
 II. Consistency Analysis {¶ 11} Keyes contends that the trial court erred in failing to conduct a consistency analysis before imposing a six year prison sentence upon him. In support of his argument, Keyes cites to five fourth-degree burglary cases, including two out of this court, in which the defendants received less than the maximum eighteen month sentence.
 {¶ 12} In State v. Wilson (Feb. 22, 2005), Washington App. No. 04CA18, 2005-Ohio-830, at ¶ 41-43, we reasoned:
R.C. 2929.11(B) directs trial courts to impose felony sentences that are "consistent with sentences imposed for similar crimes by similar offenders." However, the General Assembly has not identified the means by which the courts should attain this goal.State v. Miniard, Gallia App. No. 04CA1, 2004-Ohio-5352 at ¶ 53, citing State v. McSwain, Cuyahoga App. No. 83394,2004-Ohio-3292, at ¶ 47. Courts do not have the resources to assemble reliable information about sentencing practices throughout the state. Id., citing State v. Haamid, Cuyahoga App. Nos. 80161 and 80248, 2002-Ohio-3243. "Identification of the data and factors which should be compared in deciding whether a crime or an offender is `similar' in itself would be a massive task, yet the identification of such data would be essential even to begin to build a database. Unless and until someone undertakes this daunting task, `appellate courts will be able to address the principle of consistency only to a very limited degree.'"McSwain at ¶ 47, quoting Haamid, supra; Miniard, supra.
An offender cannot demonstrate inconsistency merely by supplying a list of cases where other defendants in other cases received prison sentences that differed from his. Lathan at ¶ 24, citing State v. Kingrey, 5th Dist. No. 04-CAA-04029,2004-Ohio-4605, at ¶ 18 and State v. Georgakopoulos, 8th Dist. No. 81934, 2003-Ohio-4341, at ¶ 23. "Each case is necessarily, by its nature, different from every other case — just as every person is, by nature, not the same. R.C. 2929.11(B) does not require each judge to sift through every single case that could be deemed similar and impose only a sentence that has been levied before." (Citations omitted). Lathan at ¶ 25. Such a requirement would create a uniform, determinate sentencing structure. "Uniformity is produced * * * where all persons convicted of the same offense with the same number of prior convictions receive identical sentences. Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of `consistency,' two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment." Georgakopoulos at ¶ 26, quoting State v. Quine, Summit App. No. 20968, 2002-Ohio-6987.
Our role as an appellate court evaluating a sentence challenged for consistency likewise does not require us to search through a database of similar and dissimilar cases. Rather, our task is simply to determine whether the record supports the sentence.Lathan at ¶ 27. We need not examine the available data to determine if the trial court has imposed a sentence that is in "lockstep" with others. State v. Ryan, Butler App. No. C-020283, 2003-Ohio-1188, at ¶ 10; Georgakopoulos at ¶ 19. Rather, we merely must determine "whether the sentence is so unusual as to be outside the mainstream of local judicial practice." Id. We decline "to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality." Statev. Vlahopoulos, Cuyahoga App. No. 80427, 2002-Ohio-3244.
 {¶ 13} Our review of the record indicates that the trial court did not fail to consider the purposes and principles of R.C.292.11 et seq., even though it imposed maximum sentences to be served consecutively. At sentencing, Keyes submitted that the charges against him resulted from his problems with alcohol abuse. The court reasoned that because of Keyes's stipulated alcohol problem, consecutive maximum sentences were appropriate in order to rehabilitate and prevent him from engaging in future alcohol-related crimes.
 {¶ 14} Keyes relies in part on State v. Littlefield (Feb. 6, 2003), Washington App. No. 02CA19, 2003-Ohio-863, in support of his contention that the court failed to conduct a proper consistency analysis. In Littlefield, we concluded that "a proportionality analysis that looks solely to the defendant's criminal history is legally flawed." Id. at ¶ 12. Here, we deal with consistency between sentences for different defendants, not the proportionality analysis formerly used for the imposition of a maximum sentence imposed upon a single defendant.
 {¶ 15} Keyes cannot show that his sentence is inconsistent with sentences imposed upon other criminals that committed similar crimes merely by presenting cases in which similar crimes received different sentences. Instead, our review centers around the particular facts and circumstances of the case to determine whether the trial court considered the proper factors and imposed a sentence that is not grossly inconsistent with those received by substantially similar offenders. Consistency does not require uniformity. It simply demands application of the same factors in every case to reach a sentence that is rational and predictable. See State v. Coburn, Athens App. No. 03CA774, 2004-Ohio-2997, at ¶ 17. This sentence passes that test. Accordingly, we overrule Keyes's second assignment of error.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.