[Cite as *State v. Parker*, 2014-Ohio-1235.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100067

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PHILLIP R. PARKER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-572139-A

**BEFORE:** E.T. Gallagher, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Milko Cecez
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Phillip Parker ("Parker"), appeals his sentence for a fourth-degree felony DUI. We find no merit to the appeal and affirm.

**{¶2}** Parker pleaded guilty to one count of driving under the influence, a fourth-degree felony, in violation of R.C. 4511.191(A). At the sentencing hearing, Parker's trial counsel advocated for alcohol treatment in lieu of prison. However, after considering Parker's criminal history, which included 14 alcohol-related offenses and other drug offenses, the trial court sentenced Parker to 30 months in prison. The court also imposed a lifetime driver's license suspension and a mandatory $1,350 fine. Parker now appeals his prison sentence.

**{¶3}** In his sole assignment of error, Parker contends his prison sentence is contrary to law because the trial court failed to consider the minimum sanctions necessary to accomplish the goals of sentencing as required by R.C. 2929.11.

**{¶4}** R.C. 2929.11 describes the overriding purposes and principles of sentencing the court must consider when imposing a felony sentence. To achieve those purposes, the sentencing court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). R.C. 2929.11 also requires the court to impose the minimum sanctions the court determines "will

accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶5} Although resource burdens are a relevant sentencing consideration under R.C. 2929.11(A), a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors. *State v. Luyando*, 8th Dist. Cuyahoga No. 97203, 2012-Ohio-1947, ¶ 14, citing *State v. Burton*, 10th Dist. Franklin No. 06AP-690, 2007-Ohio-1941, ¶ 19. It is difficult for a defendant to establish a claim that a prison sentence imposes an unnecessary burden on governmental resources where a prison sentence properly serves the interests of public protection and punishment. *State v. Bowshier*, 2d Dist. Clark No. 08-CA-58, 2009-Ohio-3429, ¶ 14, citing Griffin and Katz, *Ohio Felony Sentencing Law*, at 966 (2007 Ed.). The greater the need to protect the public or punish the offender, the more governmental resources are necessary to achieve those purposes.

{¶6} In this case, the trial court determined that a prison sentence was necessary to punish Parker and to protect the public. The court noted that Parker had 14 alcohol-related offenses on his criminal record in addition to drug possession, drug trafficking, drug abuse, and burglary convictions. Parker admitted that he decided not to seek substance abuse treatment or attend AA meetings in the years following his release from prison because he thought he could rehabilitate himself on his own. In response to Parker's request for additional time for rehabilitation outside of prison, the court observed

that Parker failed to be rehabilitated despite years of rehabilitative opportunities. The court explained:

> You say to give you some more time. I don't think the community has any more time. You know you've been exceedingly lucky that you haven't killed somebody with this record. * * *
>
> And as far as sentencing you, * * * I don't know how many crimes you have. I only counted the 14 related to alcohol. I didn't count all the other ones, the drug possessions, the drug trafficking, drug abuse, burglaries, I didn't count those. The things involving guns, I didn't count those. * * *
>
> [Prison] didn't mean anything to you. Nothing. Because after your prison case, * * * you still had nine more alcohol-related cases. * * * From '05 until now, nine more cases involving alcohol.* * *
>
> Well, you know what, the residents of my community here don't have that kind of time to wait for you to commit five or six or nine more cases and decide you need further help. No, they don't have that kind of time and their luck may be running out.

{¶7} Thus, the record reflects that the trial court considered Parker's failure to be rehabilitated and that his alcohol-related offenses pose a serious threat to the public. The court's consideration of community control sanctions that included local incarceration as an option is implicit in the court's finding that previous attempts at rehabilitation have failed. The court considered community control sanctions and summarily rejected them. Furthermore, there is nothing in the record to suggest that Parker's 30-month prison sentence is an unnecessary burden on state or local governmental resources under the circumstances of this case.

{¶8} The sole assignment of error is overruled.

{¶9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR
KEY WORDS:
*#100067- S/O v. Phillip R. Parker*

OVI; sentence; sentencing; minimum sanctions; governmental resources. Thirty-month prison sentence affirmed. Court considered the minimum sanctions necessary to protect the public and punish the offender.