[Cite as *State v. Wells*, 2014-Ohio-3032.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100365

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELLORD WELLS

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568017

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 10, 2014

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Scott Zarzycki
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Ellord Wells, brings the instant appeal challenging his 12-year sentence that was imposed for the rape of a young woman. Appellant claims the sentence is contrary to law and an abuse of discretion, and the trial court improperly considered uncharged acts when imposing sentence. After a thorough review of the record and law, we affirm in part, reverse in part, and remand for limited resentencing.

## I. Factual and Procedural History

{¶2} Appellant was indicted on January 9, 2013, and charged with the April 15, 2012 rape and kidnapping of P.H. The indictment included one- and three-year firearm and sexually violent predator specifications. Appellant was declared indigent and was appointed counsel. The matter proceeded to a June 6, 2013 change of plea hearing where appellant agreed to plead guilty to rape, a first-degree felony violation of R.C. 2907.02(A)(2). The other count and specifications were dismissed. The trial court accepted appellant's plea after a thorough colloquy, ordered a presentence investigation report ("PSI"), and set sentencing for July 1, 2013.

{¶3} At the sentencing hearing, the trial court heard statements from the victim, the state, appellant, and appellant's attorney. The court then imposed an 11-year sentence for rape. The court ordered that sentence to be served consecutively to a one-year sentence imposed in a separate criminal case, Cuyahoga C.P. No. 2011-CR-554092. Appellant appeals from this sentence assigning two errors for review:

I. The sentence imposed by the trial court was contrary to law and an abuse of discretion.

II. The trial court erred by considering other uncharged acts in sentencing appellant where appellant objected to the allegations contained in the PSI as being inaccurate and the court did not comply with R.C. 2951.03(B)(2) and (5).

## II. Law and Analysis

### A. Standard of Review

{¶4} Appellant argues for this court to review the sentence for an abuse of discretion, citing to the Ohio Supreme Court's continued reliance on *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *Kalish* was a decision meant to fill the void left by the Ohio Supreme Court's prior decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which struck down certain sentencing provisions that required judicial fact-finding. One of those provisions was R.C. 2953.08, which also set forth the standard for appellate review of felony sentences.[1] After the Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), it was clear that the trial court could make findings necessary to support consecutive sentences. The court held,

> [i]n light of historical practice and the States' authority over administration of their criminal justice systems, the Sixth Amendment does not inhibit States from assigning to judges, rather than to juries, the finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences for multiple offenses.

---

[1] *But see* Justice Lanzinger's dissent, where she argues that only certain portions of R.C. 2953.08 were severed and that the standard of appellate review for felony sentences remained viable. *Kalish* at ¶ 61.

{¶5} In the wake of that holding, the legislature enacted several sentencing provisions on September 30, 2011, including R.C. 2953.08 and its appellate standard of review governing felony sentencing. 2011 Am.Sub.H.B. No. 86. As a result, this court looks to that directive from the legislature rather than the plurality opinion from the Ohio Supreme Court. Therefore, this court reviews felony sentencing appeals based on the dictates of R.C. 2953.08(G), which provides in part,

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶6} Stated more plainly, the statute "provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is 'otherwise contrary to law'; or (2) the appellate court, upon its review, clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)." *State v. Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 113.

## B. Purposes and Principles of Felony Sentencing

{¶7} Appellant's claims about consecutive sentences will be separately addressed below. First, we shall address his concerns that the trial court failed to properly consider certain factors outlined in R.C. 2929.11 and 2929.12, which set forth the purposes and principles of felony sentencing.

{¶8} R.C. 2929.11 defines the overriding purposes and principles of sentencing that the court must consider when imposing a felony sentence. The factors include the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). R.C. 2929.11 also directs the court to impose the minimum sanctions it determines "will accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.12 directs the court to consider a non-exhaustive list of mitigating and aggravating factors.

{¶9} Appellant claims, without any support, that the 12-year sentence is "beyond what is necessary to accomplish the newly effective purposes of sentencing and, therefore, places an unnecessary drain on state or government resources * * *." Appellant does not offer any evidence that the state cannot bear the cost of housing appellant for 12 years as opposed to 10 or some lesser sentence. This is because "[i]t is difficult for a defendant to establish a claim that a prison sentence imposes an unnecessary burden on governmental resources where a prison sentence properly serves the interests of public protection and punishment." *State v. Parker*, 8th Dist. Cuyahoga

No. 100067, 2014-Ohio-1235, ¶ 5, citing *State v. Bowshier*, 2d Dist. Clark No. 08-CA-58, 2009-Ohio-3429, ¶ 14.

{¶10} Further, the court stated at sentencing that it

> considered the relevant seriousness and recidivism factors, the overriding principles and purposes of felony sentencing, namely to protect the public from future crime by the defendant and others, and also to punish the defendant using the minimum sanctions the court determines accomplishes those purposes without imposing an undue burden on the state and local government resources.

The record affirmatively demonstrates that the court considered this factor.

{¶11} Appellant also argues that his sentence is contrary to law because the court did not consider proportionality or consistency, as required by R.C. 2929.11. The trial court stated that it considered these things during the sentencing hearing, and no specific findings are required. *Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 119.

{¶12} Additionally, these concepts must be distinguished. "[C]onsistency is achieved by weighing the factors enumerated in R.C. 2929.11 and 2929.12 and applying them to the facts of each particular case." *State v. Lababidi*, 8th Dist. Cuyahoga No. 100242, 2014-Ohio-2267, ¶ 16, citing *State v. Moon*, 8th Dist. Cuyahoga No. 93673, 2010-Ohio-4483, ¶ 21. Here, the trial court did precisely that.

> Although the term "consistency" in R.C. 2929.11(B) has been confused with "proportionality," R.C. 2929.11(B) does not mention the word "proportionality." This court has held that "consistency" in sentencing is not the same as uniformity. *State v. Bonness*, 8th Dist. Cuyahoga No. 96557, 2012-Ohio-474, ¶ 27. We have also held that "a consistent sentence is not achieved from a case-by-case comparison, but the trial court's proper application of the statutory sentencing guidelines." *State v. Sutton*, 8th Dist. Cuyahoga No. 97132, 2012-Ohio-1054, ¶ 17.

*Lababidi* at ¶ 12.

**{¶13}** Proportionality analysis is derived from the Eighth Amendment's prohibition against sentences that are grossly disproportionate to the seriousness of the crime. *Id.* at ¶ 14, quoting *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999).

> Thus, proportionality review "focus[es] on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." [*State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824,] ¶ 20. Furthermore, a sentence that falls within the terms of a valid sentencing statute is presumptively valid. *State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, ¶ 14.

*Id*. at ¶ 15.

**{¶14}** To argue that an 11-year sentence for raping a woman is disproportionate and constitutes a cruel or unusual punishment strains the bounds of credibility. To further argue that one additional year of incarceration imposed consecutive to that sentence for an unrelated case goes beyond the bounds of permissible punishment is similarly incredible.

**{¶15}** Also, appellant did not object or seek to demonstrate how his sentence was disproportionate or inconsistent with other rapists. This is something this court has determined is required in order to properly preserve this error for review. *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 37.

**{¶16}** Appellant's sentence is not contrary to law in these respects. The trial court considered the factors outlined in R.C. 2929.11 and 2929.12.

### C. Consecutive Sentences

**{¶17}** Appellant also complains that the trial court failed to articulate the necessary findings in order to impose consecutive sentences. In order to impose consecutive sentences, the trial court must make three findings:

> that the consecutive service is [(1)] necessary to protect the public from future crime or to punish the offender and that consecutive sentences are [(2)] not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [(3)] if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527.

**{¶18}** When imposing sentence and addressing whether the individual sentences would be served consecutively, the court stated:

> The court further finds that since the crime — he has a long, lengthy record and he's failed to respond positively to prior sanctions. This crime was committed while he was under sanctions, and the harm was so great and unusual that a single term does not adequately reflect the seriousness of the conduct, and his history also shows that consecutive terms need to be put into place to protect the public. So in case number 554092-A, I'm going to give him one year in prison. On the current case ending in 017 I'm going to give him 11 years in prison. I wish it was more. The one year will run consecutive to the 11 years.

Here, the court made findings under R.C. 2929.14(C) going to seriousness and protection of the public. The court also determined that, pursuant to R.C. 2929.14(C)(4)(a), the offense was committed while appellant was on community control. However, the court did not address how the sentence would not be disproportionate to the harm caused. While it is clear to this panel that the harm caused to the victim in this case is great and would be demeaned by a lesser sentence, the trial court needs to find this. This court cannot make determinations for the trial court that the statute requires to be made in order to impose consecutive sentences.

{¶19} Therefore, this case must be remanded to the trial court so that it can make the necessary findings to impose consecutive sentences or order those sentences to be served concurrently. *Nia* at ¶ 28.

### D. Sentencing Considerations

{¶20} Appellant claims the trial court failed to discount statements contained within the PSI that he claimed were inaccurate and that these inaccuracies constituted uncharged crimes for which he was punished.

{¶21} R.C. 2951.03 governs presentence investigation reports. R.C. 2951.03(B)(2) gives defendants the right to review these reports and affords an opportunity to dispute any inaccuracies. If such disputes arise, the court shall "(a) [m]ake a finding as to the allegation; [or] (b) [m]ake a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant." R.C. 2951.03(B)(5).

**{¶22}** At the outset of the sentencing hearing, the trial court asked appellant if there were any inaccuracies in the PSI. Appellant's attorney responded that there were not. Later, appellant's attorney indicated that appellant did not state to the victim during the rape that he was the "one raping everybody on Hough," as the victim claimed in her statement to police. Also, while making arguments related to the impending sentence for appellant's violation of community control sanctions in another case, the court indicated, that, according to the victim's statement to police contained in the PSI, appellant used the victim's name during the rape. Appellant's attorney advised the court that appellant denied ever using the victim's name during the rape. The court replied, "[t]he court believes the report, and the report indicates that he was stalking her, that he said he was a rapist in that area."

**{¶23}** Here, the trial court considered the alleged inaccuracies and made a finding that the report was accurate. Just as in *State v. Witt*, 8th Dist. Cuyahoga No. 94800, 2011-Ohio-336, ¶ 18, "[t]he court considered the allegations of inaccuracy and found none." The court complied with the dictates of R.C. 2951.03 and made a factual determination contrary to appellant's position.

**{¶24}** Appellant finally argues that the trial court, when imposing sentence, considered uncharged allegations that he had committed additional rapes and was stalking the victim. Appellant points to the same statements recited above — that the court found that appellant told the victim he was raping other women on Hough Avenue. This is not an indication that the court punished appellant for unindicted crimes. The statements

contained in the police report just as likely could have been cited by the court, not for their  veracity, but to demonstrate a further attempt to terrorize and intimidate the victim during a horrendous crime.  The harm caused to the victim is a valid sentencing consideration.

## III.  Conclusion

{¶25} Appellant's sentence is contrary to law in only one sense.  The trial court failed to make the necessary findings to impose consecutive sentences. Therefore, the case must be remanded for the court to make those findings or impose concurrent sentences.  Appellant's sentence is not contrary to law in the other ways he argues herein.

{¶26} Cause affirmed in part, reversed in part, and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR