[Cite as *State v. Runnion*, 2019-Ohio-189.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :          Case Nos. 18CA7
                                                      18CA8
v.                                           :
                                              DECISION AND
LISA L. RUNNION,                             :          JUDGMENT ENTRY

    Defendant-Appellant.             :          RELEASED: 01/15/2019

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for appellant.

Nicole Tipton Coil, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for appellee.

Hoover, J.

{¶1}     Defendant-appellant, Lisa L. Runnion ("Runnion"), appeals the judgment of the Washington County Court of Common Pleas, which convicted Runnion of Robbery in Case No. 17CA65 and of Failure to Appear in Case No. 17CR222; and sentenced her to five years in prison. Runnion alleges that the trial court erred by imposing a sentence that was inconsistent to that of her co-defendants. According to Runnion, the trial court should have sentenced her to 180 days in jail. Additionally, Runnion argues that her trial counsel was ineffective for failing to raise a consistency-in-sentencing argument in the trial court.

{¶2}     For the reasons that follow, we summarily reject Runnion's consistency-in-sentencing argument because she failed to raise the argument during trial court proceedings. Further, we find that Runnion failed to establish a claim of ineffective assistance of counsel. Therefore, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶3}     In May 2017, the Washington County Grand Jury returned a one-count indictment charging Eric Barth ("Barth"), Glenn Johnson ("Johnson"), and Runnion with Robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2). According to the Marietta Police Department's report, Barth, Johnson, and Runnion had attempted to take an alcoholic beverage from Weber's Market in Marrietta, Washington County, Ohio on March 30, 2017. The victim, Stephanie Morris ("Morris"), told police that Barth and Johnson tried to obscure her view while Runnion concealed the beverage on her person. Morris stopped the group after they exited the store and attempted to escort Runnion back to the store when Runnion punched her in the face. Runnion was arrested at the scene; Barth and Johnson fled but were arrested soon thereafter.

{¶4}     On May 9, 2017, Runnion appeared at the arraignment and entered a not guilty plea. Barth also appeared and entered a not guilty plea. Johnson did not appear. At that time, the court granted Runnion a personal recognizance bond. The court informed Runnion of the consequences if she failed to appear to a future hearing:

> THE COURT: * * * Now, ma'am, with a PR bond, it's your signed promise to
> appear for all future hearings. If you fail to appear, it's a real easy charge for the
> Prosecutor to prove, just that you signed the bond here, that you failed to appear;
> it's a felony of the fourth degree. Do you understand that?
> THE DEFENDANT: Yes, sir.

{¶5}     On June 29, 2017, Runnion failed to appear for her final pre-trial hearing. Thereafter, the Washington County Grand Jury issued an indictment charging Runnion with Failure to Appear, a fourth degree felony, in violation of R.C. 2937.29 and R.C. 2937.99(A)&(B). The trial court issued a warrant, and Runnion was soon arrested.

{¶6}    Runnion appeared for arraignment on the Failure to Appear charge on October 11, 2017, at which time she pled not guilty. Again, the trial court released Runnion on a personal recognizance bond.

{¶7}    On July 7, 2017, Barth pled guilty to a charge arising out of the May 2017 incident at Weber's Market: Theft, a first degree misdemeanor, in violation of R.C. 2913.02(A)(1). The Marietta Municipal Court accepted Barth's plea and sentenced him 180 days in jail. Because Barth pled guilty to Theft, the Robbery charge was dismissed.

{¶8}    On October 20, 2017, the trial court held a change of plea hearing. According to the written plea agreement, Runnion would enter two guilty pleas and the State would recommend a four-year prison sentence with judicial released after two years and sixty days, with respect to the Robbery charge; and a six-month prison term, with respect to the Failure to Appear charge, to run concurrently. The trial court accepted Runnion's two guilty pleas, ordered the PSI Department to conduct a PSI interview, and set a sentencing hearing. The trial court continued Runnion's personal recognizance bond for her appearance at the PSI interview and the sentencing hearing.

{¶9}    On September 13, 2017, Johnson pled guilty to the reduced charge of Theft, a first degree misdemeanor, in violation of R.C. 2913.02(A)(1). The Marietta Municipal Court accepted Johnson's plea and sentenced him to 180 days in jail.

{¶10}   On December 5, 2017, Runnion failed to appear for her sentencing hearing. The trial court issued another warrant; and Runnion was subsequently arrested. At the time of arrest, Runnion was found to be in possession of heroin and Suboxone. Since Runnion had a prior drug offense, she was charged with fifth degree felonies for Possession of Controlled Substances.

{¶11}  Runnion appeared for sentencing on April 3, 2017 The State presented a new plea agreement, in which it recommended that Runnion receive a five-year prison sentence with respect to the Robbery charge and one-year sentence with respect to the Failure to Appear charge, to run concurrently. According to the plea agreement, the State agreed to dismiss the second Failure to Appear charge and the new Possession of Controlled Substances charges if Runnion was convicted and sentenced in accordance with the agreement. Ultimately, the trial court adopted the State's recommendation and sentenced Runnion to five years' jail time on the Robbery charge and one year's jail time on the Failure to Appear charge, to be served concurrently.

{¶12}  Thereafter, Runnion timely appealed.

## II. Assignments of Error

{¶13}  On appeal, Runnion assigns the following assignments of error for our review:

Assignment of Error One:

Runnion was given an inconsistent sentence in violation of R.C. 2929.11(B).

Assignment of Error Two:

Trial court rendered constitutionally ineffective assistance in violation of

Mitchem's [sic] rights under the Fifth, Sixth, and Fourteenth Amendments to the

United States Constitution and Ohio Constitution, Article 1 §§ 5, 10 and 16.

## III. Law and Analysis

### A. Runnion Failed to Preserve the Consistency-in-Sentencing Issue for Appeal

{¶14}  In her first assignment of error, Runnion alleges that her sentence was inconsistent with sentences imposed for similar crimes committed by similar offenders, in violation of R.C. 2929.11(B). According to Runnion, the trial court should have imposed the

same sentence that her two co-defendants received: 180 days in jail. Despite the fact that her five-year sentence was imposed pursuant to a plea deal, Runnion argues that her sentence is still reviewable on appeal since it fails to comport with R.C. 2929.11(B). We note, however, that Runnion failed to raise the issue of inconsistent sentencing during the trial court proceedings and therefore failed to preserve the issue for appellate review.

{¶15}  When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). According to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1. Clear and convincing evidence is,

> "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus."

*Id.* at ¶ 22. This is an extremely deferential standard. *Id.* at ¶ 23; *see State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶¶ 20–21.

{¶16}  R.C. 2929.11(B) states that a felony sentence should be, inter alia, "consistent with sentences imposed for similar crimes committed by similar offenders." We have observed that " ' "[a] consistency-in-sentencing determination * * * is a fact-intensive inquiry that does not lend itself to being initially reviewed at the appellate level." ' " *State v. Taylor*, 2017-Ohio-

4395, 9 N.E.3d 1, ¶ 29 (4th Dist.), quoting *State v. Adams*, 2016-Ohio-7772, 84 N.E.3d 155, ¶ 46 (4th Dist.), quoting *State v. Montanez-Roldon*, 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062, ¶ 14.

> " ' [A]ny review must begin with the defendant producing a record for the trial
> court's consideration before the final sentence is imposed. As courts have long
> concluded, a "defendant must raise [the consistency-in-sentencing] issue before
> the trial court and present some evidence, however minimal, in order to provide a
> starting point for analysis and to preserve the issue for appeal." ' "

(Citations omitted.) *Taylor* at ¶ 29, quoting *Adams* at ¶ 46, quoting *Montanez-Roldon* at ¶ 14.

{¶17}  We have reviewed the transcript of Runnion's sentencing hearing, which is devoid of any consistency-in-sentencing argument. Therefore, we reject Runnion's argument. *See Adams* at ¶ 47 (noting that court may summarily reject consistency-in-sentencing argument that defendant fails to raise during trial court proceedings).

{¶18}  Accordingly, we overrule Runnion's first assignment of error.

### III. Runnion Failed to Establish a Claim of Ineffective Assistance of Counsel

{¶19}  In her second assignment of error, Runnion alleges that her trial counsel rendered ineffective assistance in violation of her constitutional rights. Specifically, Runnion argues that her trial counsel's failure to raise a consistency-in-sentencing argument in the trial court denied her of her constitutional right to effective assistance of counsel. Further, Runnion contends that but for her counsel's performance, she would have received a lower sentence.

{¶20}  The State argues that Runnion's trial counsel did not provide ineffective assistance of counsel. According to the State, no reason existed for Runnion's trial counsel to raise a consistency-in-sentencing argument because there was ample evidence establishing that

Runnion's sentence comported with the guidelines outlined in R.C. 2929.11 and R.C. 2929.12. Specifically, the State notes that: (1) Runnion was more culpable than her co-defendants; (2) Runnion committed additional felonies after the robbery independent of her co-defendants; and (3) Runnion did not object to her sentence at the time of sentencing.[1]

{¶21} Criminal defendants have a right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn.14. To establish constitutionally ineffective assistance of counsel, a criminal defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Accord State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.

{¶22} When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. "A properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*,

---

[1] The State mistakenly argues that the record establishes that Runnion knew of her co-defendants' sentences at the time of her sentencing. The prosecutor stated that: "We told her what the resolution was for all three of the Defendants in these cases and she was perfectly - - she seemed very satisfied with the resolution." However, the prosecutor was referring to Morris, the victim, and not Runnion.

4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, citing *State v. Smith,* 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 61.

{¶23} "[C]ourts have not interpreted the notion of consistency to mean equal punishment for codefendants." *State v. Cargill*, 8th Dist. Cuyahoga No. 103902, 2016-Ohio-5932 (2016), ¶ 11, citing *State v. Black*, 8th Dist. Cuyahoga No. 100114, 2014-Ohio-2976, ¶ 12; *see also State v. Coburn*, 4th Dist. Adams No. 03CA774, 2004-Ohio-2997, ¶ 17 ("The goal of the sentencing guidelines is consistency, not uniformity."). Instead, " 'consistency is achieved by weighing the factors enumerated in R.C. 2929.11 and 2929.12 and applying them to the facts of each particular case.' " *State v. Wells*, 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032, ¶ 12, quoting *State v. Lababidi*, 8th Dist. Cuyahoga No. 100242, 2014-Ohio-2267, ¶ 16. Consistency "requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable." *State v.* Keyes, 4th Dist. Meigs No. 05CA16, 2006-Ohio-5032, ¶ 12, quoting *State v. Quine*, 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 12.

{¶24} Runnion argues that her sentence was inconsistent to that of her co-defendants', but nowhere in her second assignment of error does she establish how her sentence was disproportionate to similarly situated offenders. After all, Runnion did receive two Failure to Appear charges and two Possession of Controlled Substances charges, which her codefendants

did not receive.[2] Therefore, Runnion has failed to show how she was prejudiced by trial counsel's failure to raise the issue of proportionality.

{¶25}   In *Strickland*, the United States Supreme Court emphasized, "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It explained:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id.*

{¶26}   Because Runnion failed to show how she was prejudiced by defense counsel's alleged deficiencies, she necessarily failed to establish a claim of ineffective assistance of counsel. Thus, we need not consider whether Runnion's trial counsel's performance was deficient.

{¶27}   Accordingly, we overrule Runnion's second assignment of error.

---

[2] Johnson did fail to appear at the May 9, 2017 arraignment, however.

## IV. Conclusion

{¶28}  Due to the reasons outlined above, we overrule both of Runnion's assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellee to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellee to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.


For the Court,


By: _____
     Marie Hoover, Judge




### NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**